**Lena Mae HARRIS, Plaintiff-Appellant,**

v.

**EDWARD HYMAN COMPANY, et al., Defendants-Appellees.**

No. 81–4009
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 28, 1981.

Rehearing and Rehearing En Banc
Denied Jan. 28, 1982.

Carroll Edward Rhodes, Hazlehurst, Miss., for plaintiff-appellant.

M. Curtiss McKee, Jeffrey A. Walker, Henry D. Granberry, Jackson, Miss., for Edward Hyman Co.

John L. Maxey, II, Jackson, Miss., for Local 361.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

■ The appellant, Lena Mae Harris, brought this action in the Chancery Court of Copiah County, Mississippi against her employer, Edward Hyman Company ("Edward Hyman"), and her union, Local 361 of the United Garment Workers ("Union"), for restitution and to enforce the provisions of a collective bargaining agreement. Her employer filed a timely [1] removal petition in the United States District Court for the Southern District of Mississippi.[2] As filed, however, the removal petition was defective in that it was not joined in by the Union.[3] Subsequently, Harris moved to remand the action to the Mississippi chancery court. The motion was denied and the action proceeded to judgment against Harris. Harris appeals.

■ Harris' appeal focuses solely on whether her action should have been remanded to the Mississippi chancery court. We hold that although the removal petition was defective when filed, by failing to assert promptly her objections to the defects in the petition and by proceeding with discovery, Harris waived her objections to both the procedural irregularities contained in the removal petition and the Union's untimely consent. Therefore, Harris was pre-

---

1. The Judicial Code includes a 30-day limitations period within which a state court defendant is to file its petition for removal in the United States district court.

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in the court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Harris' action was filed in the Chancery Court of Copiah County, Mississippi on July 18, 1979. Eight days later, Edward Hyman filed its petition for removal in the United States District Court for the Southern District of Mississippi.

2. An action to enforce the provisions of a collective bargaining agreement may be brought in either state or federal court. R. Gorman, Labor Law 545 (1976). In particular, § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, vests the United States district courts with subject-matter jurisdiction over actions to enforce the provisions of a collective bargaining agreement. *See generally* R. Gorman, *supra*, at 545–48. Thus, Harris' action to enforce the provisions of her collective bargaining agreement properly was removed to the United States district court. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

3. All parties agree that the removal petition filed by Edward Hyman in the United States district court was defective when filed. The statute that governs removal from state to federal court has been interpreted, with exceptions inapplicable in the instant case, to "require[ ] that all defendants join in the removal petition." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970); *see* 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3731, at 718–19 (1979). Neither the removal petition filed by Edward Hyman nor any other paper filed in the district court within the 30-day period, *see* note 1 *supra*, indicated that the Union had joined in the employer's removal petition. Indeed, the first overt indication that the Union had joined in Edward Hyman's removal petition came 76 days after the petition was originally filed and then after Harris had moved to remand the action to the Chancery Court of Copiah County, Mississippi.

cluded from seeking a remand to the state court.[4]

■ The ultimate inquiry in this appeal—whether the action should have been remanded to the state court—is not answered simply by noting that the removal petition was defective as filed[5] and that both defendants had not manifested their consent to the petition within the 30-day limitations period set up by the removal statute.[6] We previously have recognized that strict compliance with the limitations period in the removal statute does not affect the jurisdiction of the district court and that "failure to file the petition within the allotted time may be waived." *Weeks v. Fidelity & Cas. Co.*, 218 F.2d 503, 504 (5th Cir. 1955). Similarly, we think that a party who delays in seeking a remand, or otherwise participates in the proceedings in the district court, also may be precluded from objecting to a defendant's untimely consent to a defective removal petition.

When the motion to remand was heard by the United States magistrate,[7] it was apparent that the Union had consented to Edward Hyman's petition to remove the action from the Chancery Court of Copiah County. All agreed that the removal petition was defective as originally filed. The only issues were whether Harris had waived her objections to the defects in the removal procedures or whether the Union, by amending its answer, had filed a timely consent to removal.

■ The order in the record does not indicate upon which ground the magistrate rested his decision.[8] Reversal is, of course, not justified if the ruling of the district court can be supported on any ground. *Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981). In the instant case we do not address whether the consent contained in the Union's amended answer cured the defect in the removal petition[9] because we think it is manifest that, under the circumstances, the district court could have found that by participating in discovery in federal court, Harris waived her right to remand the action to the Mississippi chancery court.

The record indicates that subsequent to the action being removed from the Chancery Court of Copiah County, Harris served on both Edward Hyman and the Union requests for admissions, requests for production of documents, and a set of interrogatories. Harris also responded to Edward Hyman's request for the production of documents. Indeed, until the motion to remand was filed, the action proceeded as any other with Harris giving no indication that she was dissatisfied with her federal forum. These acts are consistent with a waiver of a

4. Because we hold that Harris waived her right to object to the defective removal petition and the Union's untimely consent to removal, we do not decide whether the Union could consent to removal *nunc pro tunc* after the expiration of the 30-day limitation period. Edward Hyman argues that when the Union was granted leave to file an amended answer on October 18, 1979, that the consent of the Union to removal of the action to the district court, which was contained in the amended answer, related back to the filing of the Union's original answer within the 30-day limitations period. *See* Fed.R.Civ.P. 15(c) (relation back of amendments). We note only that while we have permitted defective jurisdictional allegations in a removal petition to be amended as late as an appeal, *see, e.g., Firemen's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349 (5th Cir.) (applying 28 U.S.C. § 1653), *cert. denied*, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961), we do not know of an appeal in which Rule 15(c), which provides for the relation back of a "claim or defense asserted in

[an] amended pleading," has been construed by us to allow a defendant to enter an otherwise untimely consent. *See generally Perrin v. Walker*, 385 F.Supp. 945, 948 (E.D.Ill.1974) ("Other courts have also held that the failure of one of the [nonconsenting] defendants to take affirmative action seeking removal until after the 30-day time limitation has expired may not be cured retroactively.").

5. *See* note 3 *supra*.

6. *See* note 1 *supra*.

7. The motion was referred to a United States magistrate. *See* 28 U.S.C. § 636(b)(1)(A).

8. Record on Appeal at 95. The order of the United States district judge reconsidering Harris' motion to remand also does not state any ground for decision. Record on Appeal at 102.

9. *See* note 4 *supra*.

litigant's right to seek a remand to state court and the district court could have so found.

AFFIRMED.