Earnestine H. CLYDE

v.

NATIONAL DATA CORPORATION, William Rigo, Malcolm Todd, George Shea, individually and as agents of National Data Corporation.

Civ. No. C85–131.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 17, 1985.

John J. Strauss, Davis, Sissel & Williams, Atlanta, Ga., for plaintiff.

John Crenshaw, Forrest W. Hunter, Alston & Bird, Atlanta, Ga., for National Data Corp. and Rigo.

Robert F. Coheleach, Atlanta, Ga., for Todd.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on Plaintiff's motion to remand. Plaintiff contends that the case was removed improvidently within the meaning of 28 U.S.C. § 1447(c), and therefore must be remanded to the state court. Defendants contends that the case was properly removed or, in the alternative, that Plaintiff has waived her objection to such removal.

This action was originally filed by Plaintiff in the Superior Court of DeKalb County on December 18, 1984. Defendant George Shea ("Shea") was served first on December 19, 1984. Defendant Malcolm

Todd ("Todd") was then served on December 21, abd Defendant National Data Corporation ("NDC") on December 26. Service upon Defendant William Rigo ("Rigo") was acknowledged on January 17, 1985.

On January 17, 1985, Defendants NDC, Shea and Rigo filed a Petition for Removal in this court pursuant to 28 U.S.C. § 1441. Counsel for Defendant Todd did not sign the petition, nor is Todd's name mentioned as a Petitioner. Defendant Todd also did not file a separate petition for removal or formal consent to the other Defendants' petition within thirty days of service upon him. Plaintiff filed this motion to remand on January 30, 1985.

Plaintiff contends that the case was improvidently removed because of Defendant Todd's failure to join in the petition for removal. Plaintiff argues that removal is improper unless every defendant to an action either joins a petition for removal, files a separate petition, or consents to removal within the thirty day statutory period. Plaintiff contends that the petition fails to show any consent by Defendant Todd and that Todd's subsequent filing of an Amended Answer in the state court indicates his lack of consent to removal.

Defendants contend that Defendant Todd was consulted concerning the question of removal and was in agreement that the case should be removed, although he did not sign the petition. Defendants also point out that Todd filed both his Answer and Amended Answer in *this* court on January 28, 1985, two days before Plaintiff filed her motion to remand. Defendants therefore maintain that removal was proper because Defendant Todd consented to the removal petition in a timely manner and acted consistently with such consent.

In the alternative, Defendants argue that Plaintiff has waived her right to object to removal by her conduct in this case. Plaintiff acknowledges in her motion that a plaintiff may waive her right to seek a remand by engaging in discovery on the merits. Defendants contend that Plaintiff has essentially done so by filing a second

case in this court on virtually the same facts and seeking extensive discovery of those facts, even though she has refrained from discovery in this case to avoid a waiver of removal. Defendants argue that Plaintiff would not be prejudiced, and judicial economy would be served were the court to deny remand and consolidate the two cases.

In response, Plaintiff argues that removal statutes must be strictly construed and time limitations on petitions strictly observed. She contends that informal consent by Defendant Todd is insufficient where the petition itself reveals no suggestion that Todd agreed to the removal. Plaintiff also strenuously objects to defendants' characterization of her conduct as a waiver. Plaintiff emphasizes that she sought the protection of the court against waiver by seeking a stay of discovery, and argues that her filing of a separate Title VII action is irrelevant to the question of whether this case should be remanded.

The general removal statutes provides: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Removal is permissible only if all defendants named in the state action "join" in the petition for removal. *Gableman v. Peoria, D. & E. R. Co.,* 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326–7 (5th Cir.1970). Furthermore, all defendants must join the petition within the thirty

day time limit mandated by 28 U.S.C. § 1446(b). *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 212 (N.D.Fla.1983); *Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012, 1014 (S.D.Texas 1979).

This rule does not require that every defendant actually sign the same petition. *Adams v. Lederle Laboratories,* 569 F.Supp. 234, 243 (W.D.Mo.1983); *Crawford v. Fargo Manufacturing Co.,* 341 F.Supp. 762, 763 (M.D.Fla.1972). Nonpetitioning defendants may simply consent to the removal of the action, thereby satisfying the substantive requirement that the defendants be unanimous in their choice of a federal forum. *Brooks v. Rosiere,* 585 F.Supp. 351, 353 (E.D.La.1984); *Colin K. v. Schmidt,* 528 F.Supp. 355, 358 (D.R.I.1981). However, the cases indicate that such unanimity must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent.[1] To hold otherwise would allow circumvention of the thirty day petitioning requirement, the purpose of which is "to provide a uniform and definite time for a defendant to remove an action." *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 863 (W.D.Pa.1976).

In this case, the consent of Defendant Todd was not conveyed to the court in any manner within thirty days of service upon him. His filing of an answer in this court on January 28 is not significant, since the answer was not only silent as to removal but also fell outside the thirty day period.[2] Todd neither joined the other Defendants' petition nor officially filed or voiced his consent to it within the statutory period. The alleged fact that Todd informed the other Defendants of his consent is insufficient to constitute a joinder under the statute. *Godman v. Sears, Roebuck and*

---

1. *See Godman v. Sears, Roebuck and Co.,* 588 F.Supp. 121, 124 (E.D.Mich.1984) *and cases cited therein. See also Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir.1981), *reh. denied,* 669 F.2d 733 (5th Cir.1982) (defendants must "manifest" consent within thirty days); *Colin K. v. Schmidt,* 528 F.Supp. 355, 358 (D.R.I. 1981) (consent voiced at conference with court); *Sicinski v. Reliance Funding Corp.,* 461 F.Supp.

649, 652 (S.D.N.Y.1978) (petition showed that other defendant had authorized petitioner to state its consent).

2. Defendant Todd was served on December 21, 1985. *See* Sheriff's Entry of Service; Exhibit A to Plaintiff's Motion to Remand.

*Co.*, 588 F.Supp. 121, 124 (E.D.Mich.1984); *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 445 (M.D.N.C.1982).

■ Because removal is a purely statutory right, removal statutes should be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Rembrant, Inc. v. Phillips Const. Co., Inc.*, 500 F.Supp. 766, 768 (S.D.Ga.1980). The court therefore finds that Defendants have failed to meet the thirty day requirement of 28 U.S.C. § 1446(b).

■ The time limitation for removal is not jurisdictional, however, and may be waived. *Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 (5th Cir.1981); *Weeks v. Fidelity and Casualty Co.*, 218 F.2d 503, 504 (5th Cir.1955). Several courts have held that a waiver will be found only when there is "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles to remand." *Feller v. National Enquirer*, 555 F.Supp. 1114, 1121 (N.D.Ohio 1983), *quoting Maybruck v. Haim*, 290 F.Supp. 721, 724 (S.D.N.Y.1968). *See also Godman*, 588 F.Supp. at 124. Examples of such conduct include unsuccessfully litigating a substantial issue in the case, or filing an amended complaint seeking further or different relief. *Id.* at 124; *Maybruck*, 290 F.Supp. at 724.

In *Harris, supra*, the Court of Appeals for the Fifth Circuit held that "a party who delays in seeking a remand, or otherwise participates in the proceedings in the district court" may be precluded from objecting to removal on timeliness grounds. 664 F.2d at 945. The court found that the plaintiff had waived her right to a remand to state court by serving discovery requests on the defendants after removal to federal court. *Id.* at 945–6. In this case, Defendants contend that Plaintiff made a similar waiver by filing a Title VII action against Defendant NDC on related facts. The Title VII complaint was accompanied by discovery requests, and was filed on January 22, 1985, five days after Defendants' petition for removal but eight days before Plaintiff's motion for remand.

■ Defendants have cited no case in which filings in one case were found to operate as a waiver in a separate action involving some of the same parties. The pleadings here show that Plaintiff sought to protect herself against a waiver in *this* case by requesting a stay of discovery when she moved for remand. Furthermore, the parties agreed by phone to a stay of discovery on January 30, and Plaintiff maintains that she understood the stay to apply to both actions. *See* Plaintiff's Reply Memorandum, pp. 6–7 and Exhibit A. While Defendants' counsel contends that he understood that the stay only applied to *this* case, that does not demonstrate that Plaintiff actively pursued discovery. In fact, Defendants' counsel acknowledges that Plaintiff's counsel called him as soon as Defendants filed a Notice of Deposition and advised Defendants' counsel that he considered discovery stayed in both cases.

The court also does not believe that the filing of the Title VII complaint itself represents an act of acquiescence on Plaintiff's part to disposition of this case. While the two actions may concern the same or related incidents, state issues clearly predominate in this case. Only one of the complaint's twelve counts is based on federal law. *See* Complaint, ¶¶ 90–99. The remainder are state law claims, including battery, infliction of emotional distress and slander.

Plaintiff's Title VII claims, however, are based entirely on federal law. In her second suit, she alleges violation of the federal constitution, with jurisdiction provided by 42 U.S.C. § 2000e–5. The court cannot conclude that Plaintiff has affirmatively sought this court's disposition of her state law claims by filing a separate action based on federal claims. Furthermore, as Plaintiff points out, she would have lost her Title VII claims had she not filed that action in this court within ninety days of receipt of her EEOC notice of right-to-sue,

which was issued on October 16, 1984. *See* Attachment B to Second Crenshaw Affidavit.

The court therefore concludes that Defendants have failed to show an affirmative action by Plaintiff sufficient to constitute a waiver of her right to seek a remand. As the court has already found that this case was improvidently removed, *supra,* pp. 1–5, the case must be remanded to the state court. 28 U.S.C. § 1447(c). Plaintiff's motion to remand is hereby GRANTED.