George KNOWLES, et ux, Plaintiffs,

v.

HERTZ EQUIPMENT RENTAL CO.,
Clark Equipment Co. and the
Armstrong Rubber Co., Defendants.

No. 86–784–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 25, 1987.

Jack L. Herskowitz, Miami, Fla., for plaintiffs.

George Bender, Coral Gables, Fla., for defendant Armstrong.

James S. Usich, Miami, Fla., for defendant Clark.

David Knight, Miami, Fla., for defendant Hertz.

## MEMORANDUM OPINION AND ORDER OF REMAND

ARONOVITZ, District Judge.

### I. PROCEDURAL BACKGROUND

This is an action that was removed from the Eleventh Judicial Circuit Court in and for Dade County, Florida, on April 14, 1986 based on diversity of citizenship between the parties pursuant to the provisions of 28 U.S.C. Section 1332. It is a products liability action for damages sustained as a result of an allegedly defective tire.

Although there are three Defendants of record, all of whom were served with process prior to removal, the Petition for Removal was only filed on behalf of Defendant Clark Equipment Company. It is not recited within the Petition for Removal that removal was consented to by the other two Defendants, Hertz Equipment Rental Company and The Armstrong Rubber Company, nor did those Defendants file a consent to or joinder in the Petition for Removal

within the 30–day period allotted in 28 U.S.C. Section 1446(b).

Upon the Court's examination of the file, the Court, therefore, entered an Order requiring the parties to file memoranda of law regarding this defective Petition and the possible waiver of such defect. The non-joining Defendants filed memoranda, stating that they are in agreement with the Petition for Removal and have been in agreement with it at all times. The removing Defendant, Clark Equipment Company, also filed a memorandum, arguing that Plaintiffs have waived any right to object to the defective removal petition, and Plaintiffs have taken the opposite stance.

## II. DISCUSSION

■ Removal is permissible only if all defendants named in the state action join in the petition for removal. *Gableman v. Peoria, D. & E.R. Co.*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed.2d 320 (1900). Joinder must take place within the 30–day time limitation mandated by 28 U.S.C. Section 1446(b). *Schmidt v. National Organization for Women*, 562 F.Supp. 210, 212 (N.D.Fla.1983). Defendants must manifest consent to removal either in writing or orally to the Court within the 30–day period. *See Goodman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 124 (E.D.Mich.1984) and cases cited therein. As stated, this case was initially removed in April of 1986. Co-defendants' written consents to removal were not filed until December of 1986, so they are clearly outside the 30–day time limitation. Further, failure to seek removal within the 30–day time period may not be cured retroactively. *See Hill v. Phillips, Barratt, Kaiser Engineering Ltd.*, 586 F.Supp. 944 (D.C.Me.1984); *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012 (D.C. Tex.1979).

■ In their memorandum, Plaintiffs request remand based on Defendants' failure to timely join in the Petition. The time limitation for removal is not jurisdictional,

however, but may be waived. *Harris v. Edward Hyman Co.*, 664 F.2d 943 (5th Cir.1981).[1] In *Harris,* the Fifth Circuit stated that "a party who delays in seeking a remand, or otherwise participates in the proceedings in the district court" may be precluded from objecting to removal on timeliness grounds." *Id.* at 945.

■ While there is no specific time limit within which a plaintiff must move for remand, the motion to remand must generally be made within a time after removal that is reasonable in relation to what has transpired in the action. *See American Oil Company v. Egan*, 357 F.Supp. 610 (D.Minn.1973); 1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice 0.57[11.—6] (2d ed. 1985) and cases cited therein. Plaintiffs here have objected to the defective Removal Petition approximately eight months after the Petition was filed and, despite the fact that this action was first filed in state court in 1985, it is still only at preliminary pre-trial stages of discovery.

The exact quantity or quality of conduct on Plaintiffs' part which would evidence waiver of the Petition's defect or consent to removal is less than clear. The Supreme Court has held that a plaintiff waives the right to challenge removal where, after removal, she filed an amended pleading, signed a stipulation giving the defendant an extension of time to respond, and entered into a stipulation to continue the trial. *In re Moore*, 209 U.S. 490, 496, 28 S.Ct. 585, 586–87, 52 L.Ed. 904 (1908).

In *Harris v. Edward Hyman Co.*, 664 F.2d 943 (5th Cir.1981), the Fifth Circuit held that plaintiff waived her right to object to removal where she failed to promptly assert her objections and by proceeding with discovery. In contrast, the court in *Clyde v. National Data Corp.*, 609 F.Supp. 216 (D.C.Ga.1985) held that a plaintiff had not waived her right to object, even though she propounded discovery after removal, where she requested a stay of discovery at

---

1. In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all those decisions rendered by the former Fifth Circuit prior to October 1, 1981. 661 F.2d 1206 (11th Cir.1981). *Harris* was decided in December of 1981 and is, therefore, not binding precedent in this Circuit, although it is certainly persuasive authority.

the time she moved for remand, thereby protecting her rights.

Plaintiffs have filed the following documents in this case since the Petition for Removal was filed:

1. Answer to Affirmative Defenses (docket number 6);

2. Answer to Affirmative Defenses (docket number 9);

3. Motion for Continuance of Trial (docket number 14);

4. Request to Produce Directed to Defendant Clark (docket number 15);

5. Motion to Compel Answers to Interrogatories (docket number 19);

6. Motion to Compel Answers to Interrogatories (docket number 20);

7. Notice of Taking Deposition of John Gianiano (docket number 26); and

8. Notice of Taking Deposition of John Daley (docket number 27).

Under *Moore* and *Harris*, then, it would appear that Plaintiffs' filing of discovery requests and a motion to continue trial, coupled with the significant amount of time that has elapsed since removal, would constitute a waiver of plaintiff's right to object to remand. The Court need not and does not rest its decision, however, simply on the basis of what has occurred post-removal. What has *not* occurred post-removal in this action is equally important.

> To constitute a waiver or consent to the federal court's assumption of jurisdiction, however, there must be affirmative conduct or unequivocal assent of a sort *which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue,* such as the right to a jury trial or the right to take depositions or has filed an amended complaint seeking further or different relief from the federal court.

*Maybruck v. Haim,* 290 F.Supp. 721, 723–24 (S.D.N.Y.1968) (emphasis added) (cita-

tions omitted). *Accord Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405 (C.D.Cal.1972). No substantial issue has been raised or determined as yet in this Court.[2] Where, as in this case, there has been mere delay, without any showing of prejudice to Defendants resulting therefrom,

> a party who has improperly removed such a case as this can have no just cause for complaint, if it is sent back to the court where it was commenced. He is simply required to forego some real or fancied advantage in the matter of jurisdiction to which he was not entitled under the law.

*Noethe v. Mann,* 27 F.2d 451, 452 (D.Minn. 1928).

The Court finds that Plaintiffs' actions in this case have not caused any real prejudice or hardship to Defendants. Further, any discovery which may have already occurred herein will no doubt be of use in any subsequent and further proceedings. In view of the foregoing, then, and giving due deference to Plaintiffs' choice of forum, the Court hereby GRANTS Plaintiffs' Motion to Remand.

The Clerk is hereby directed to forward a certified copy of this Order to the Clerk for the Eleventh Judicial Circuit Court in and for Dade County, Florida, forthwith.

---

**2.** *Cf. Borg-Warner Leasing v. Doyle Electric Co., Inc.,* 733 F.2d 833, 835 n. 2 (11th Cir.1984) (waiver inferred from the fact that the matter

proceeded to summary judgment without objection).