James **JOHNSON** and Anne Johnson,
Plaintiffs–Appellants,

Dresser Industries,
Intervenor–Appellant,

v.

**HELMERICH & PAYNE, INC., et al.,**
Defendants–Appellees.

No. 88–3823.

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1990.

H. Edward Sherman, New Orleans, La.,
for plaintiffs-appellants.

John E. Galloway, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for Dresser Industries.

Edwin C. Laizer, Mark J. Spansel, Adams & Reese, New Orleans, La., for Helmerich & Payne.

Michael M. Christovich, Christovich & Kearney, New Orleans, La., for Atlantic/Richfield Co.

Before THORNBERRY, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

## I. Facts and Proceedings Below

James and Anne Johnson sued Helmerich & Payne International Drilling Co. (H & P) and Atlantic Richfield Company (Arco). The plaintiffs' suit was based on theories of strict liability and negligence. Johnson was injured on an offshore drilling rig when he slipped on wet casing (pipe). H & P owned the rig and one of their employees washed the rig and made the casing wet. Arco owned the casing and the fixed platform on which the rig was situated. Johnson's employer—Dresser Industries, Inc.— intervened to recover benefits it had paid Johnson.

Suit was filed in state court. H & P removed it to federal court on July 22, 1987 without joining Arco in the removal petition. The parties then attended a pretrial status conference and commenced discovery. The plaintiffs propounded interrogatories and requested the production of documents. Johnson filed a motion to remand on November 10, 1987 which the district court denied as untimely. A trial was held and the district court bifurcated the issue of damages from that of liability. The district court also refused to submit strict liability instructions to the jury. The jury rendered a verdict in favor of the defendants and the plaintiffs now appeal.

The Johnsons argue that the district court erred (1) by refusing to remand the case, (2) by bifurcating the trial, (3) by refusing to give the jury strict liability charges, and (4) by conducting an unfair trial. We conclude that the appellants waived their right to have the case remanded; that they waived the second and third points of error by failing to properly raise them during the trial; and that the trial was not unfair. Dresser asks that if we reverse the district court the dismissal of their intervention should also be reversed. Since we find that the district court correctly dismissed the Johnson's claims, it was also correct in dismissing Dresser's intervention.[1]

## II. Remand

28 U.S.C. § 1446(b) requires that all defendants join in the removal petition. *See Tri–Cities Newspapers, Inc. v. Tri–Cities P & P & A Local 349*, 427 F.2d 325 (5th Cir.1970) and *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 n. 3 (5th Cir. 1981) (per curiam). The failure of all the defendants to join in the removal petition is not a jurisdictional defect. *See Harris*, 664 F.2d at 945 and *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir.1989). Johnson waived his right to complain by engaging in discovery. *See Harris*, 664 F.2d at 945–46.[2]

---

1. The appellees have also filed a motion to strike part of the appellants' record excerpts and brief. Since we affirm the district court's judgment in favor of the appellees, we do not need to decide the merits of this motion.

2. Johnson argues that we should carve out an exception to *Harris:* "This case is an opportunity for the Fifth Circuit to fashion a reasonable rule of law and prevent parties seeking relief in State Court from being blindsided by knowledgeable, more resourceful defendants who seek a Federal forum and seek to take advantage by substituting their superior knowledge of the workings of Federal Court by more extensive experience and greater resources." The appellants argue that they tried to discover the law of remand by asking Dresser's attorney whether the removal was defective. Since the Johnsons' attorney was on vacation during the time period when he should have made a motion to remand, he did not receive an answer from Dresser's attorney until it was too late. We have no doubt that the appellants would have been better served by a more knowledgeable and diligent attorney but this frivolous argument does

## III. Bifurcation

■ The appellants also complain that the issues of liability and damages were improperly bifurcated. As a threshold issue, we must determine whether the appellants raised this issue below. The appellants contend that they made their objection known off the record. They also contend that the pre-trial order stipulated that liability would not be bifurcated from damages and that they were "ambushed" the morning of trial by the decision to do so. *See* Appellants' brief at 30. This contention is patently false. The record shows that the pre-trial order stipulated that liability and damages were to be bifurcated. R. vol. 7, p. 1944. We conclude that the appellants' counsel lacks credibility. We decline to accept his statement that he made an objection off the record.

Fed.R.Civ.P. 46 states "[f]ormal exceptions to rulings or orders of the court are unnecessary but ... it is sufficient that a party ... makes known to the court [the] objection ... and the grounds therefor." Failure to object precludes appellate review "unless the issue presents a pure question of law and to ignore it would result in a miscarriage of justice." *Deshotels v. SHRM Catering Services, Inc.,* 842 F.2d 116, 120 (5th Cir.1988). *See also Verdin v. C & B Boat Co.,* 860 F.2d 150, 155 (5th Cir.1988); *C.F. Dahlberg & Co. v. Chevron U.S.A., Inc.,* 836 F.2d 915, 920 (5th Cir. 1988); *Volkswagen of America, Inc. v. Robertson,* 713 F.2d 1151, 1161–62 (5th Cir. 1983); *Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307, 1324 (5th Cir.1976) and 9 C. Wright & A. Miller *Federal Practice and Procedure,* § 2472 (1971). Since the "[s]eparation of issues of liability from those relating to damages is an obvious use for Rule 42(b)" we decline to review the propriety of a decision to bifurcate these issues absent an objection

on the record.[3] 9 *Federal Practice and Procedure* § 2390.

## IV. Jury Instructions

The appellants complain that the district court erred by not charging the jury on the theory of strict liability. Fed.R.Civ.P. 51 states "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict stating distinctly the matter objected to and the grounds of the objection." We have carved out an exception to Rule 51 when "the error is so fundamental as to result in a miscarriage of justice. *Sandidge v. Salen Offshore Drilling Co.,* 764 F.2d 252, 262 (5th Cir.1985). *See also Nowell by and Through Nowell v. Universal Electric Co.,* 792 F.2d 1310, 1316–18 (5th Cir.1986); and *Burks v. Firestone Tire & Rubber Co.,* 633 F.2d 1152, 1154 (5th Cir.), *cert. denied,* 479 U.S. 987, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986).

■ The plain error exception to Rule 51 is a narrow one. *See* 9 Wright & Miller, *Federal Practice and Procedure* § 2558 (1971) ("If there is to be a plain error exception to Rule 51 at all, it should be confined to the exceptional case where the error has seriously affected the fairness, integrity, or public reputation of judicial proceedings.") Otherwise the salutary purposes of Rule 51—to permit a trial court to correct its errors and to reduce the number of issues on appeal—would be easily defeated. If a party fails to object to jury instructions, we will uphold them on appeal if there is any reasonable basis to support them. The appellees argue that no evidence of strict liability was presented at trial and the district court, therefore, could not instruct the jury on strict liability. Based upon this record, the district court did not commit plain error.

---

not constitute equitable grounds for carving out an exception to *Harris.*

**3.** Since we have determined that the appellants did not object to the decision to bifurcate liability from damages, we do not need to address the issue of whether an objection made off the record satisfies the dictates of Fed.R.Civ.P. 46.

We have objected to the use of such a procedure in other circumstances. *See e.g., King v. Ford Motor Co.,* 597 F.2d 436, 440 n. 3 (5th Cir.1979) ("The procedure of holding off-the-record charge conferences ... is, we think, a clear violation of the spirit of Fed.R.Civ.P. 51").

## V. Judicial Misconduct

The appellants argue that the district judge denied them a fair trial by displaying bias in favor of the appellees. The appellants argue that the district court judge demonstrated this bias by interrupting appellants' counsel, by commenting unfairly on the evidence, and by not adequately controlling unresponsive answers given by the appellees' witnesses. The appellants' argument is without merit.

■ A district judge in a jury trial is "governor of the trial for purposes of assuring its proper conduct and of determining questions of law." *Quercia v. United States*, 289 U.S. 466, 469, 53 S.Ct. 698, 698–99, 77 L.Ed. 1321 (1933). He has the right and the duty to comment on the evidence to ensure a fair trial. *Id.* *See also Dixon v. International Harvester Co.*, 754 F.2d 573, 585 (5th Cir.1985). The district court judge is also "obliged to act when necessary to ensure that the trial is properly conducted and not subject to delay." *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 471 (5th Cir.1985). *See also Reese v. Mercury Marine*, 793 F.2d 1416, 1423 (5th Cir. 1986) and *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 391 (5th Cir.), *cert. denied*, 474 U.S. 850, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).

■ The trial judge must, of course, exercise these powers in a reasonable manner by maintaining his objectivity and neutrality. *Dartez*, 765 F.2d at 471 and *Cranberg*, 756 F.2d at 391. The trial court's conduct is measured against a "standard of fairness and impartiality." *In re P & E Boat Rentals, Inc.*, 872 F.2d 642, 653 (5th Cir. 1989) (quoting *Cranberg*, 756 F.2d at 391). When reviewing a judge's conduct the standard of review depends on whether an objection was made at trial:

> When a timely objection is made at trial, we must determine whether the remark impaired a substantial right of the objecting party, but when a trial judge's comments deny a party an opportunity for a fair and impartial trial, we will not deny review in the absence of objections because lawyers will often hesitate to challenge the propriety of a trial judge's comments for fear of antagonizing him and thereby prejudicing their clients' cases.... When no objection is made at trial, however, appellate review is limited to plain error.

*Dixon*, 754 F.2d at 585. We must review the record as a whole, moreover, when determining the propriety of such remarks. *See Reese*, 793 F.2d at 1423 and *Dixon*, 754 F.2d at 585.

■ The appellants argue that the "worst abuse of discretion" occurred in the cross-examination of Arco's expert witness, because the district judge constantly interrupted the appellants' questions. Since the appellants did not object to the district court's comments, we may reverse only on a finding that there has been plain error. It is the appellants' fault that they were interrupted. Counsel for the appellants tried repeatedly to approach the witness without asking permission (a practice well established in the district court) and the district judge had no choice but to ask counsel not to do so.

■ The appellants also contend that the district court unfairly instructed their expert witness, Dennis Howard, not to be an advocate for their "team" but did not give such an instruction to the appellees' witnesses. The appellants are less than truthful in representing the district court's comments. The district court gave such an instruction to all of the experts. *See* R. vol. 9, p. 188.

The appellants also claim that the district court erred by unfairly commenting on the testimony of a defense witness, Gerald Melancon. A review of the testimony shows that the appellants' contentions are groundless.

Q. Would it have been safer for James Johnson to walk across a flat surface than on the casing?

A. In general terms, it would have been easier.

Mr. Sherman: I object to the unresponsiveness.

The Court: I overrule it. Counsel, ninety-two people have told us, and the jury

426

has got common sense, but if you could walk on a flat, dry surface, that's better. R. vol. 10, p. 209. The district court's comments were not prejudicial because they helped the appellants establish a critical point—that it would have been safer if Johnson did not have to walk on wet casing.

The appellants also contend that the district judge prejudiced their case by allowing the appellees' witnesses to give unresponsive answers. The appellants are not contending that this constituted an evidentiary error but that this is proof of prejudice. It is difficult to determine prejudice from a cold record. The difficulty is compounded when the alleged misconduct consists of inaction. We will not lightly infer prejudice, therefore, on the part of a district court judge by his failure to act. Under this deferential standard of review, we conclude that no error was committed.

■■■■■■■ Any potential prejudice, moreover, was adequately cured by the trial court's instructions to the jury both at the beginning and at the end of the trial to ignore his comments and to be the sole judge of the facts. It is vital that the district court judge give such instructions if he comments on the evidence. *See Turlington v. Phillips Petroleum Co.*, 795 F.2d 434, 443 (5th Cir.1986) and *Quercia, supra.* Such a limiting instruction is not a universal panacea to prejudicial remarks. *See Reese*, 793 F.2d at 1426 n. 7. Our review of the district court's comments, however, coupled with the limiting instruction convinces us that the appellants were not prejudiced.

### VI.   Conclusion

For the foregoing reasons the judgment of the district court is AFFIRMED.