Olga HINOJOSA, Individually and as
Next Friend of Marisol Hinojosa,
a Minor, Plaintiff–Appellants,

v.

Fred L. PEREZ, Jr., M.D. et al.,
Defendants–Appellees.

No. CIV.A. M–01–230.

United States District Court,
S.D. Texas,
McAllen Division.

Feb. 26, 2002.

Ronald K. Lovett, Houston, TX, for Olga Hinojosa, Individually and as Next Friend of Marisol Hinojosa, a Minor.

Ronald G. Hole, Hole and Alvarez, McAllen, TX, Steven Matthew Gonzalez, Steven M. Gonzalez & Associates, McAllen, TX, for Fred L. Perez, Jr., M.D., Fred L. Perez, Jr., M.D., P.A., South Texas Adult & Children's Orthopaedics and Sports Medicine Spinal Deformities, Southern Orthopaedics and Sports Medicine, P.A., Mission Hospital, Hospital Home Health.

## MEMORANDUM AND ORDER

KAZEN, Chief Judge.

Pending is Plaintiff's Motion to Remand. For reasons hereinafter discussed, the motion is GRANTED.

This is a negligence suit filed by Plaintiff Olga Hinojosa, individually and on behalf of her daughter, Marisol Hinojosa. Defendants are Dr. Fred L. Perez, Jr., M.D., Fred L. Perez, Jr., M.D., P.A., South Texas Adult & Children's Orthopaedics and Sports Medicine Spinal Deformities, Southern Orthopaedics and Sports Medicine, P.A., Mission Hospital, Inc., and Mission Hospital Home Health ("Defendants"). Plaintiff claims that Marisol Hinojosa suffered damages as a result of substandard medical care provided to her by Defendants following a traffic accident. She seeks to prove theories of negligence, strict liability and vicarious liability.

Plaintiff's Original Petition was filed on January 13, 2000 in the 229th Judicial District Court of Starr County, Texas. (Docket No. 1, Attached Original Petition). One theory of liability was that Defendants violated 42 U.S.C. § 1395dd. (Original Petition at 8). That statute, *inter alia*, creates a federal cause of action against hospitals participating in the federal Medicare program for failing to provide certain emergency services. *See id.* at § 1395dd(d)(2)(A).

Defendants removed on September 14, 2001, invoking federal question jurisdiction. 28 U.S.C. §§ 1331, 1447. The Notice of Removal states that Defendants discovered the federal nature of Plaintiff's case from her Second Amended Original

Petition, filed August 17, 2001, which alleges for the first time that "Mission Hospital is responsible for the acts of Dr. Perez pursuant to 42 C.F.R. § 482.12." (Docket No. 1, Attached Second Amended Original Petition, at 3). According to Defendants, this reference to a federal regulation serves as a basis for federal jurisdiction. Defendants contend that the Court has supplemental jurisdiction over the rest of Plaintiff's claims under 28 U.S.C. § 1367.

On October 12, 2001, Plaintiff moved to remand, arguing that the Court lacks jurisdiction. (Docket No. 6). Plaintiff insists that she has not pled any cause of action pursuant to 42 C.F.R. § 482.12, and contends that the regulation merely provides her with an "alternative theory of vicarious liability." (Docket No. 6, at 4). Plaintiff argues that this is an insufficient basis for federal jurisdiction.

On December 12, 2001, Defendants filed its Response to Plaintiff's Motion to Remand. (Docket No. 13). In that response, Defendants insist upon the validity of the aforementioned removal ground. In addition, Defendants cite a new grounds for removal, namely, the federal cause of action under 42 U.S.C. § 1395dd.

*Analysis*

■ Removal to federal court is authorized where the federal court has original jurisdiction over the cause of action. 28 U.S.C. § 1441. Here, Defendants removed based on the Court's federal question jurisdiction. 28 U.S.C. § 1331. However, in order for that removal to be proper, a federal question must present itself on the face of plaintiff's well-pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Franchise Tax Board v. Construction Laborers Trust*, 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). The first issue, therefore, is whether Plaintiff's reference to 42 C.F.R. § 482.12 presents a federal question causing her lawsuit to "arise under" federal law.

■ The Court looks first to the terms of 42 C.F.R. § 482.12 to examine if that regulation creates a private right of action for a violation of its terms. *See American Well Works Co. v. Layne & Bowler Co.* 241 U.S. 257, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916)(J. Holmes)("A suit arises under the law that creates the cause of action."). Defendants do not suggest that 42 C.F.R. § 482.12 explicitly provides a private right of action. Rather, they argue that it must necessarily create such a right because, if it does not, Plaintiff has no basis for holding Mission Hospital Inc. vicariously liable for Dr. Perez's negligence. 42 C.F.R. § 482.12 sets forth requirements regarding medical staff, management, patient care, budgeting, contracting, and emergency services for hospitals receiving funds through the Medicare program. Nowhere does it reference a private right of action to enforce these requirements.

■ Despite the lack of a private right of action, Plaintiff's contention that 42 C.F.R. § 482.12 provides an "alternative theory of vicarious liability" against Mission Hospital, Inc. suggests that "the vindication of a right under state law necessarily turn[s] on some construction of [42 C.F.R. § 482.12]." *Franchise Tax Board*, 103 S.Ct., at 2846. The Supreme Court has clarified, however, that federal jurisdiction does not lie where the federal law serves merely as an element of a state cause of action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986). There is some question whether *Merrell Dow* set forth a bright-line rule, or whether there is some room for a court to exercise discretion in this realm. *See* HART & WECHSLER, THE FEDERAL COURTS AND THE FEDERAL SYSTEM, 930–933 (4th

ed.1996). Notably, the 5th Circuit has adopted a "pragmatic assessment" of whether "a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir.2001).

Under *Howery*, a complaint arises under federal law when it states a cause of action created by state law, and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. *Id.* at 917. Significant to this case, *Howery* emphasized that the interpretation of a federal right is not necessary when a claim for relief is supported by an alternative theory that does not depend upon that federal right. *See id.* at 918 (discussing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Analyzing this second prong of the *Howery* test, it is clear that Plaintiff's claim does not arise under federal law.

Plaintiff argues that none of the three *Howery* prongs is met. As to the second prong, Plaintiff argues that 42 C.F.R. § 482.12 provides only one of several theories of liability on the issue of vicarious liability. In contrast, Defendants contend that, even if Plaintiff proposes different theories of vicarious liability as to other Hospital employees, Plaintiff proposes only *this* theory of vicarious liability as to Dr. Perez.

In a sense, the dispute turns on determining the proper level of abstraction from which to view the necessity of the federal issue. Defendants' position requires a tightly focused inquiry: whether the interpretation of the regulation is nec-

essary on the single issue of the Hospital's vicarious liability for Dr. Perez's negligence. However, the Supreme Court has clarified that a broader level of abstraction is proper. The question is not whether the federal issue must be addressed in order to prove a particular *theory of liability;* rather, the question is whether the federal question is necessary to prove a particular *claim*. *Christianson*, 108 S.Ct. at 2174, 2175. Here, the claim for damages is supported by allegations of negligence by the Defendants, either individually or in concert. *One* theory of holding the Hospital liable is vicariously through its relationship to Dr. Perez, and here, the parties agree, 42 C.F.R. § 482.12 is a necessary element.[1] However, the hospital may be liable based on theories other than vicarious liability for Dr. Perez's conduct. Plaintiff has alleged, among other things, vicarious liability for negligence committed by nurse-employees, negligent hiring and supervision, and negligent screening of independent contractors. (Docket 1, Second Amended Original Complaint). No federal question appears in any of these theories.

The Court further finds that the federal question is not "substantial" for purposes of the third prong. *See Howery*, 243 F.3d at 918. The need for a federal court to interpret this one aspect of a federal regulation is heavily outweighed by the numerous issues of state tort law that predominate in this case. *Id.* at 919.

Finally, Defendants argue in their response to Plaintiff's Motion to Remand that 42 U.S.C. § 1395dd provides a grounds for removal. Although this statute does appear to create a private right of action, Defendants' Notice of Removal identified the sole grounds of removal as being 42 C.F.R. § 482.12. It never men-

---

**1.** The Court only assumes, without actually deciding, that 42 C.F.R. § 482.12 imposes vicarious liability upon a hospital for the acts of a physician.

tioned 42 U.S.C. § 1395dd. Therefore, the question arises whether removal may be sustained on grounds not stated in the removal notice.

 Section 1446(a) requires that the Defendants' notice provide a "short and plain statement of the grounds for removal." A notice of removal is analogous to a pleading, which under the pleading regime of the Federal Rules of Civil Procedure "shall be so construed as to do substantial justice." FRCP 8(f); *White v. Wellington*, 627 F.2d 582, 587 (2d Cir.1980); *Rachel v. State of Georgia*, 342 F.2d 336, 340 (5th Cir.1965). While pleadings, and consequently removal notices, are to be construed with some liberality, *see id.*, Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal. *Compare Grynberg Production Corp. v. British Gas, p.l.c.*, 817 F.Supp. 1338, 1354 (E.D.Tex.1993); *Hobbs v. Blue Cross and Blue Shield of Alabama*, 100 F.Supp.2d 1299, 1302–1303 (M.D.Ala. 2000)(both sustaining removal where removal petition made at least imprecise reference to the law providing the grounds for removal).

 Had the Notice of Removal invoked 42 U.S.C. § 1395dd, Plaintiff could have attacked the action as procedurally defective, given that Defendants had been on notice of that grounds since January 13, 2000.[2] It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.

*Conclusion*

For the foregoing reasons, Plaintiff's motion to remand this lawsuit to the 229th Judicial District Court of Starr County, Texas, is GRANTED.

---

**2.** Another apparent defect in the Notice of Removal, albeit waived by Plaintiff, is the failure of all Defendants to join in it. While the removing Defendants list a consent of other Defendants as an exhibit, no such document can be found other than a mere listing of other Defendants. A joint consent to removal requires more than that. *See Johnson v. Helmerich & Payne, Inc.* 892 F.2d 422, 423 (5th Cir.1990); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1262, n. 11 (5th Cir.1988).