**Beverly GREEN & Stephen Green,**

v.

**TARGET STORES, INC., et al.**

No. 04–204.

United States District Court,
E.D. Pennsylvania.

Feb. 19, 2004.

Bradley H. Kane, Dashevsky, Horwitz, Di Sandro, Kuhn, Dempsey and Novello, Edwin Dashevsky, Dashevsky, Horwitz, Kuhn and Di Sandro, P.C., Philadelphia, PA, for Plaintiffs.

Jeffrey L. O'Hara, Peter Y. Lee, Connell, Foley, LLP, Roseland, NJ, Eric A. Weiss, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Defendants.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Presently before me is plaintiffs' motion to remand to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c). For the reasons discussed below, plaintiffs' motion is granted.

On or about December 16, 2003, plaintiffs Beverly Green and Stephen Green filed a complaint against seven defendants in the Court of Common Pleas of Philadelphia County. The seven defendants are: (1)Target Stores, Inc., Individually and Trading as Target ["Target Stores"]; (2) Target Corp., Individually and Trading as Target c/o Ct. Corp. System ["Target Corp."]; (3) Target; (4) Schindler Elevator Corporation; (5) Schindler Holding Ltd.; (6) Schindler Group; and (7) Schindler Management, Ltd. The three Target defendants were served with a copy of the complaint on December 19, 2003. The four Schindler defendants were served with a copy of the complaint on December 30, 2003.

On January 20, 2004, defendant Target Stores removed the case to federal court pursuant to 28 U.S.C. § 1332. The Notice of Removal states in part that "Target desires to exercise its right under 28 U.S.C. § 1441, *et seq.* to remove" the action. Paragraph 11 of the Notice of Removal states that "Counsel for Schindler Elevator has consented to removal of this action." The only attorney who signed the Notice of Removal is Peter Y. Lee, counsel for defendant Target Stores. On February 4, 2004, Jennifer Lee, attorney for Schindler Elevator Corporation, joined in Target Stores' petition for removal and wrote to the court that "on or around January 13, 2004, counsel for Schindler Elevator Corporation expressly provided Target's counsel with consent to Remove this case from state court to Federal Court." Ms. Lee also wrote that, "with respect to the other Schindler entities that plaintiffs named in their Complaint, there is no entity known by the name Schindler Group, and Schindler Holding Ltd., and Schindler Management, Ltd. are incorporated in Switzerland, and consequently, have not been properly served with the Complaint." [1]

■ Plaintiffs have filed an opposition to the petition for removal, and request that this matter be remanded to the Court of Common Pleas. Plaintiffs argue that the case must be remanded because it was not properly removed pursuant to 28 U.S.C. § 1446. This statute requires that a "defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure," 28 U.S.C. § 1446(a), and that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant." 28 U.S.C. § 1446(b).

■ Although the statute does not explicitly require that all defendants join the removal petition, under the "rule of unanimity," in multiple defendant cases "all must join in the removal petition." *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985).

---

1. Because I find that the properly served defendants did not comply with the removal procedural requirements, I need not address the question of whether removal would have been proper if the only defendants who did not join the removal petition were the Schindler defendants who were not properly served. The parties also appear to agree that the removal petition submitted by Target Stores was filed on behalf of all three Target defendants.

Defendants do not dispute that they are required to "join" in the removal or otherwise consent to it, but argue that they complied with this requirement by the averment in the removal petition of Schindler Elevator's consent, and Schindler Elevator's joinder and letter of February 4, 2004.

■ It is well-settled in this district that one defendant may not speak for another in filing a notice of removal. *Southwick v. Yale Materials Handling Corp. & Ind. Trucks. Inc.*, 1997 WL 381771 at *1, 1997 U.S. Dist. LEXIS 9183 at *4 (E.D.Pa. June 27, 1997) ("Each consenting defendant must either sign the notice of removal, file its own notice of removal, or file a written consent or joinder to the original notice with the court."); *Landman v. Borough of Bristol*, 896 F.Supp. 406, 409 (E.D.Pa.1995); *Ogletree v. Barnes*, 851 F.Supp. 184, 188 (E.D.Pa.1994).[2] District courts in several other circuits have all applied a similar requirement that defendants must file some written indication of their consent to removal.[3] There is no dispute that Target Stores is the only defendant who filed a notice of removal with the court within thirty days of being served as required by 28 U.S.C. § 1446(b).

A decision by my colleague Judge Reed is instructive on the question of whether Schindler's consent to Target Stores' petition for removal suffices for compliance with the rule. In *Morganti v. Armstrong Blum Mfg. Co.*, 2001 WL 283135 (E.D.Pa. March 19, 2001), plaintiffs filed a products liability action in the Court of Common Pleas of Philadelphia County against two defendants: Armstrong Blum Manufacturing Company ("Armstrong") and Brooks Machine, Inc. ("Brooks"). Within thirty days of being served, Armstrong filed a notice of removal with the district court. Armstrong averred in its notice that Brooks had agreed to the removal, and Armstrong attached to its notice a letter it had previously sent to Brooks which stated: "Please be advised that per our conversation, you had no objection to Armstrong Blum filing a Notice of Removal on behalf of Brooks Machine, Inc." *Id.* at *1. After the thirty day statutory deadline had passed, the defendants jointly filed an amended notice of removal with the court.

The plaintiffs in *Morganti* argued that the original notice of removal was procedurally defective and that the case should be remanded. Judge Reed followed the majority rule that "consent to join in a notice of removal must be express, official and unambiguous." *Id.* at *2. In response to defendants' argument that Armstrong's proclamation of Brooks' consent to removal should suffice, Judge Reed confirmed that "one defendant may not speak for the other when filing a notice of removal" and found that "Armstrong's statement in its

---

**2.** The Third Circuit has not addressed the question of what is required for proper joinder. In *Morganti v. Armstrong Blum Mfg. Co.*, 2001 WL 283135 at *2 n. 2 (E.D.Pa. March 19, 2001), Judge Reed points to 28 U.S.C. § 1447(d) as the reason for the scarcity of any circuit court law on this issue. This statute provides, with limited exceptions, that "an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise."

**3.** *See Michaels v. New Jersey*, 955 F.Supp. 315, 321 (D.N.J.1996), *Miller v. First Sec.*

*Invs., Inc.*, 30 F.Supp.2d. 347, 350–51 (E.D.N.Y.1998), *Sansone v. Morton Mach. Works, Inc.*, 188 F.Supp.2d 182, 2002 U.S. Dist. LEXIS 27074 at *3 (D.R.I. Mar. 13, 2002), *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va. 1993); *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460, 461–62 (E.D.Mich.1990); *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987); *Todd v. DSN Dealer Serv. Network*, 861 F.Supp. 1531, 1535 (D.C.Kan. 1994); *Knowles v. Hertz Equip. Rental Co.*, 657 F.Supp. 109, 110 (S.D.Fla.1987).

notice of removal regarding Brooks' consent is therefore insufficient to establish that both defendants consented to join in the removal within the requisite thirty day period." *Id.* at *2.

*Morganti* guides my decision because the defendants there, like those before me, offered evidence that there had been a meeting of the minds on the removal petition, despite the lack of all defendants' signatures on the removal petition. Although there is evidence that Schindler Elevator may have in fact consented to the removal in correspondence with Target Stores, its failure to file an official notice with the court makes the removal procedure defective. I will therefore remand this case to the Court of Common Pleas of Philadelphia County.[4]

### ORDER

**AND NOW**, this 19th day of February 2004, in considerations of plaintiffs' motion for remand, defendants' response, and plaintiffs' reply, the motion is **GRANTED**. This action is **REMANDED** to the Philadelphia County Court of Common Pleas.

---

**4.** There is one further consideration supporting my decision, in addition to the well-settled law. Removal to federal court (in the absence of a federal question) is predicated on complete diversity between each defendant and the plaintiff. Each defendant, by expressly consenting to removal, is stating to the court that diversity is established between that defendant and the plaintiff. This statement is necessary to ensure jurisdiction and must be a part of the proper removal procedure.