Francisca HERNANDEZ; Ernesto Hernandez; Carlos Melgoza; Juan Hernandez; a minor, by Teresa Hernandez, his guardian ad litem, Plaintiffs,

v.

SIX FLAGS MAGIC MOUNTAIN, INC., a Delaware Corporation; Dana Wyatt; Los Angeles County Sheriff's Department; and Does 1 through 100, inclusive, Defendants.

No. CV–88–02815–JWC.

United States District Court,
C.D. California.

July 12, 1988.

Jerome Levine and David A. Lash of Nieman, Billet, Albala & Levine, Los Angeles, Cal., Carol A. Sobel, Joan W. Howarth, Mark D. Rosenbaum and Paul L. Hoffman of ACLU Foundation of Southern California, Los Angeles, Cal., for plaintiffs.

Manuel S. Klausner and Paul J. Coady of Kindel & Anderson, Daniel P. Garcia of Munger, Tolles & Olson, Anthony Nicklin, County Counsel, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

CURTIS, District Judge.

### FACTUAL BACKGROUND

This action was originally filed in Los Angeles Superior Court on April 18, 1988, and then removed to this court by defendants Magic Mountain and Wyatt on May 17, 1988. Defendant Magic Mountain is an amusement park open to the general public, and defendant Wyatt is its employee. Plaintiffs are four Latino youths who are challenging Magic Mountain's alleged practice of stopping and searching certain patrons whom they suspect of being members of gangs based upon their ethnicity and physical description. Among other things, park employees believed that one of the youths was wearing a shirt bearing an insignia associated with gang membership. Plaintiffs allege that they were attempting to enter the park when employees of Magic Mountain forced them out of their car and searched them without their consent. Plaintiffs also challenge the involvement of the Los Angeles County Sheriff's Department in the subsequent release of confidential information concerning plaintiffs to unauthorized persons.

Plaintiffs' complaint alleges causes of action based upon violations of: (1) § 51 of the Unruh Civil Rights Act; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 2000a; (4) § 52 of the Unruh Civil Rights Act; (5) Right of Privacy; (6) Freedom of Association; (7) False Imprisonment; (8) Assault; (9) Battery; (10) Invasion of Privacy—Intrusion Into Private Affairs; (11) Intentional Inflic-

tion of Emotional Distress; and (12) Negligent Infliction of Emotional Distress.

On May 17, 1988, defendants Magic Mountain and Wyatt filed a petition for removal premised upon the presence of federal questions and pendent jurisdiction. According to these defendants, prior to the filing of the removal petition, counsel for defendants was advised by several persons at the Sheriff's Department that the Department had not been served, and that, if and when it was served, the Department would consent to removal. Believing that the Department had not been served, defendants did not ask the Department to join in the petition.

On Friday, May 27, counsel for defendants first learned that the Sheriff's Department had, in fact, been served on April 29, 1988. The Sheriff's Department answered the complaint on May 31, 1988. However, the Department did not file its consent to removal until June 1, 1988, *one* day after the thirty days from service on the Sheriff's Department had expired.

Plaintiffs now move to have this matter remanded to state court on the grounds that (1) an essential named defendant failed to consent to the removal within the 30 day period specified in the statute; and (2) remand is appropriate under the doctrine of abstention.

### DISCUSSION

1. *Remand For Failure To Join Indispensable Party*

The general removal statute provides, in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under

the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(a). Such petition for removal of a civil action must be filed within thirty days after the receipt by the defendant of the complaint. 28 U.S.C. § 1446(b). Removal is permissible only if all defendants named in the state action "join" in the petition for removal. *Chicago, Rock Island and Pacific Railway Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Gableman v. Peoria, Decatur and Evansville Railway Co.*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900). However, every defendant need not actually sign the same petition. Non-petitioning defendants may simply consent to the removal of the action, thereby satisfying the substantive requirement that the defendants be unanimous in their choice of a federal forum. *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (D.C.Ga.1985). In accordance with 28 U.S.C. § 1446(b), that consent must be manifested within the thirty day period beginning from the date upon which the non-petitioning defendant is served with the complaint.

Here, the Sheriff's Department was served with the complaint on Friday, April 29, 1988, and thus should have answered and/or consented to removal by May 31, 1988. Fed.R.Civ.P. 6(a).* Plaintiffs urge that the consent to the removal was filed by the Sheriff's Department on June 1, 1988, *one* day after the thirty day period had expired, thereby making the petition for removal untimely. That being so, plaintiffs insist that it was "removed improvidently" within the meaning of 28 U.S.C. § 1447(c) and that remand is therefore required.

It is well established that removal is a purely statutory right and that removal statutes should be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9, 61 S.Ct. 868, 872–73, 85 L.Ed. 1214

(1941). The time limitation for removal, however, is not jurisdictional, but rather is modal or formal and may be waived. *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 99, 18 S.Ct. 264, 266–67, 42 L.Ed. 673 (1898); *London v. United States Fire Insurance Co.*, 531 F.2d 257, 259 (5th Cir.1976); *Weeks v. Fidelity and Casualty Co.*, 218 F.2d 503 (5th Cir.1955).

█ The plain language of the removal statute indicates that remand is only *mandatory* where a case is "removed improvidently" *and* the court is "without jurisdiction." 28 U.S.C. § 1447; *Meadows v. Bicrodyne Corp.*, 559 F.Supp. 57, 58 (N.D. Cal.1983). Thus, the court in *Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir.1985), stated:

> "We do not read [*Weeks v. Fidelity & Casualty Co. of New York*, 218 F.2d 503, 504 (5th Cir.1955)], as mandating remand in all cases where a removal petition is untimely. We are unwilling to allow a modal defect to pretermit our substantive inquiry. The timeliness of a removal petition is not jurisdictional, *supra*, and we therefore have the power to review even an untimely petition."

Thus, although allowing an untimely petition is clearly the exception and not the rule, where the court has jurisdiction, it has the power to consider such a petition. There being no challenge to the court's jurisdiction here, and jurisdiction otherwise appearing to be proper, remand in this case cannot be mandatory.

The court further finds that remand within the discretion of the court is unwarranted. Although the court disapproves of the defendant's tardy consent to removal, remand would nonetheless be inappropriate. First, the Sheriff's Department arguably satisfied the thirty day requirement in the statute when it answered the federal complaint within the thirty day period, thereby manifesting its intent to join in the removal. At a minimum, plaintiffs were on notice that defendant's consent was forthcoming. Plaintiffs urge the court's conclu-

---

* The thirtieth day fell on Saturday, and Monday, May 30, 1988, was Memorial Day, a court holiday. May 31, 1988 was the next court day.

sion in *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (D.C.Ga.1985), wherein the court found the filing of an answer to be insufficient to manifest consent to joinder. There, however, the answer fell outside of the thirty day period. At a minimum, such a timely answer may be considered by the court in the exercise of its discretion. No authority has been brought to our attention which holds to the contrary.

Second, the one day delay in the consent to removal by the Sheriff's Department resulted from a good faith error on the part of the defendants, from which plaintiffs claim no prejudice. At all times relevant, the Sheriff's Department was ready and willing to consent to removal if and when it was served. In fact, it appears that the confusion over service may have resulted from improper service by plaintiffs on Sheriff's Department personnel who were not authorized to receive service. In any event, whether we base our decision upon Federal Rule of Civil Procedure 61, which allows the court to disregard any error or defect which does not affect the substantial rights of the parties, or upon the court's inherent powers, the court may allow the petition.

Finally, plaintiffs assert no prejudice from the one day delay. The thirty day rule is undoubtedly designed "to provide a uniform and definite time for a defendant to remove an action." *Clyde, supra*, at 218. However, it also seeks to deprive defendants of the "underdeserved tactical advantage" of waiting to see how a state court case is faring before removing, and preventing delay and waste of resources in beginning a federal case. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.*, 668 F.2d 962 (7th Cir.1982). No such scenario is presented in this case. To remand this case because of a one day delay in joinder would do little to advance the policies underlying the thirty day rule. It would rather elevate form over substance and work an injustice upon the defendants.

Therefore, although the court does not sanction defendant's tardy consent to removal, neither can it remand this action solely because the consent to removal was filed one day late, particularly when the defendant manifested its assent to the removal by answering the complaint in federal court within the thirty day period.

### 2. *Abstention*

As a further basis for remanding this case, plaintiffs urge that remand is required by the the the principles of abstention as delineated in *United Mineworkers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

*Gibbs* held that pendent jurisdiction exists whenever there is a claim arising under the Constitution or laws of the United States, and the plaintiff's claims are such that "he would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 726, 86 S.Ct. at 1139. Pendent jurisdiction is a doctrine of discretion, meaning the court need not exercise it in every case in which the power to hear the state claims exists. *Id.* Among the factors to be considered by the court are "judicial economy, convenience and fairness to litigants...." *Id.*

> If these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.... Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

*Id.*

Plaintiffs assert that these principles of comity and promotion of justice should control here because this case involves issues of great interest and controversy in Los Angeles, and raises novel issues of state law, both substantive and procedural.

Five of plaintiffs' eleven claims are based entirely, or in part, on federal law. The federal questions presented are substantial, derive from a "common nucleus of operative facts," and could be expected to be tried in one case. This court, therefore, has the power to retain the state law claims under its pendent jurisdiction.

Plaintiffs have not demonstrated that the court should decline to exercise its power pursuant to the doctrine of abstention, as contained in *Gibbs, supra.* Judicial economy, convenience and fairness are advanced by retaining the state law claims. This case, like every case, involves a new factual situation. However, plaintiffs' general averments notwithstanding, no questions are presented which raise "novel" questions of state law. Nor have plaintiffs demonstrated that this court is incapable of competently resolving the state law questions presented. This court is mindful of its "virtually unflagging obligation" to exercise the jurisdiction given it. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). The fact that a case may be interesting and controversial is of no particular relevance to the abstention calculus. Remand in this case based upon the doctrine of abstention is therefore unwarranted.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs' Motion For Remand is DENIED.