Joseph **SANSONE, Plaintiff,**

v.

**MORTON MACHINE WORKS, INC., Frank G.W. McKittrick Company, Inc., Alias and Joe Doe, Inc., Defendants.**

No. C.A. 01–436T.

United States District Court, D. Rhode Island.

March 13, 2002.

Merrill J. Friedmann, Wallick & Paolino, Warwick, RI, Paul S. Cantor, P.C., Providence, RI, for Joseph Sansone.

Mark W. Hickey, Law Offices of James F. Clark, Jr., Providence, RI, for Morton Machine Works, Inc.

Matthew F. Medeiros, Little, Bulman, Medeiros & Whitney, P.C., Providence, RI, for Frank G. W. McKittrick Company, Inc.

## MEMORANDUM AND ORDER

TORRES, Chief Judge.

The plaintiff, Joseph Sansone, has moved to remand this case to the Rhode Island Superior Court and to strike defendant Morton Machine Works' ("Morton") notice of joinder in the removal petition filed by defendant Frank G.W. McKittrick Company ("McKittrick"). Because the Court finds that Morton did not join in the removal petition within the 30 day time limit prescribed by 28 U.S.C. § 1446(b), the plaintiff's motion to remand and to strike Morton's joinder are granted.

### Background

On July, 18, 2001, Sansone filed a products liability action against Morton and McKittrick in the Rhode Island Superior Court. Both defendants were served on August 14, 2001.

On September 12, 2001, McKittrick filed a notice of removal pursuant to 28 U.S.C. § 1446(b). On that same day, counsel for Morton informed counsel for McKittrick by telephone, that Morton consented to removal. However, Sansone was not notified of Morton's consent until October 2, 2001, when Morton filed a notice of joinder in the removal. Three days later, Sansone filed his motions to remand and to strike.

### Discussion

Removal of civil actions is governed by 28 U.S.C. § 1446(b), which provides, in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has

then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

In a multi-defendant case, all defendants must 'join' in the removal petition. *Gableman v. Peoria, D. & E. Ry. Co.,* 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Chicago R.I. & P. Ry. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). One of the purposes of this "rule of unanimity" is to prevent the defendants from gaining an unfair tactical advantage by splitting the litigation and requiring the plaintiff to pursue the case in two fora simultaneously, thereby creating needless duplication of effort and additional expense. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988). Other purposes are to eliminate the risk of inconsistent state and federal adjudications, and to prevent one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff. *Spillers v. Tillman,* 959 F.Supp. 364, 369 (S.D.Miss.1997) (citations omitted).

The "rule of unanimity" does not require that all defendants actually sign the petition. It requires only that all defendants consent to removal. *Hill v. Phillips, Barratt, Kaiser Engineering Ltd.,* 586 F.Supp. 944, 945 (D.Me.1984); *Ogletree v. Barnes,* 851 F.Supp. 184, 186 (E.D.Pa.1994). However, that consent must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days. *Henderson v. Holmes,* 920 F.Supp. 1184, 1187 (D.Kan. 1996) ("Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period."); *Production Stamping Corp. v. Maryland Cas. Co.,* 829 F.Supp. 1074, 1076–77 (D.Wis.

1993); *Landman v. Borough of Bristol,* 896 F.Supp. 406, 409 (D.C.Pa.1995); *Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co.,* 963 F.Supp. 553, 558 (D.W.Va.1997). Failure to do so constitutes a "defect in removal procedure" and is grounds for remand. *F.D.I.C. v. Loyd,* 955 F.2d 316, 320 (5th Cir.1992).

Some courts have construed § 1446(b) to require that the consent be in writing. *See e.g., Getty,* 841 F.2d at 1262 n. 11 ("[T]here must be some timely-filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."); *Jones v. Scogin,* 929 F.Supp. 987, 988 (W.D.La. 1996) ("[T]here must be some timely filed written document from each served defendant, or its official representative, indicating that it has consented."); *Wakefield v. Olcott,* 983 F.Supp. 1018, 1021 (D.Kan. 1997) ("Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period."); *Ogletree v. Barnes,* 851 F.Supp. 184, 190 (E.D.Pa. 1994) (finding that all defendants must register their consent to removal, either through the formal act of signing petition, or, at the very least, an informal indication such as a letter to the court). Other courts have found that an oral expression of consent made to the court is sufficient. *See e.g., Colin v. Schmidt,* 528 F.Supp. 355, 358–59 (D.R.I.1981) (finding that defendant's oral communication to the court in a hearing satisfied § 1446(b)); *Clyde v. National Data Corp.,* 609 F.Supp. 216, 218 (D.Ga.1985) ("[U]nanimity among the defendants must be expressed to the court within the thirty-day period, whether by petition, written consent, or oral consent."); *Nathe v. Pottenberg,* 931 F.Supp. 822, 825 (M.D.Fla.1995) ("To effect remov-

al, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30–day period....").

In this case, Morton did not file its motion to join in the removal petition until forty-nine (49) days after both defendants were served with the complaint. The defendants argue that Morton's verbal expression of consent to McKittrick's counsel on September 12, 2001 was sufficient to establish Morton's consent to removal. They cite *Sicinski v. Reliance*, 461 F.Supp. 649, 652 (S.D.N.Y.1978) where the court upheld removal based on affidavits submitted to the court after the 30–day time limit. There, the removal petition was signed by only one of two defendants and the second defendant did not file its consent to removal until after the 30–day period prescribed by § 1446(b) had expired.

*Sicinski* is distinguishable because, there, the removal petition stated that the defendant signing the petition had been authorized by the other defendant to consent to removal on its behalf. Here, McKittrick's removal petition contained no indication that Morton had authorized McKittrick to act on its behalf or, even, that Morton had consented to removal. Moreover, to the extent that *Sicinski* suggests that it is sufficient for one defendant to represent that all defendants have consented to removal, *Sicinski* is contrary to the overwhelming weight of authority requiring that each defendant independently notify the court of its consent. *See e.g.*, *Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co.*, 963 F.Supp. 553, 558–559 (N.D.W.Va.1997); *Nathe v. Pottenberg*, 931 F.Supp. 822, 825 (M.D.Fla.1995); *Miles v. Kilgore*, 928 F.Supp. 1071, 1076–78 (N.D.Ala.1996); *Marshall v. Skydive America South*, 903 F.Supp. 1067, 1070 (E.D.Tex.1995); *Land-*

*man v. Borough of Bristol*, 896 F.Supp. 406, 408–09 (E.D.Pa.1995); *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1254 (D.Utah 1995); *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F.Supp. 1074, 1076 (E.D.Wis.1993); *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237–38 (N.D.W.Va. 1993); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508–09 (E.D.Va.1992); *Moody v. Commercial Ins. Co. of Newark*, 753 F.Supp. 198, 201 (N.D.Tex.1990).

The defendants also rely on *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F.Supp. 560 (C.D.Cal.1988). In *Hernandez*, the court determined that joinder in a removal petition filed one day after the expiration of the 30–day period was sufficient. However, *Hernandez*, too, is readily distinguishable from this case because, in *Hernandez*, the defendant answered the complaint within the 30–day period and the court found that the answer provided notice that consent was forthcoming. *Id.* at 562.

■ In short, the defendants' consent to removal must be manifested clearly and unequivocally to the Court within the 30–day period prescribed by § 1446(b). The fact that "consent [may have been] communicated among the defendants is insufficient; each defendant must notify the Court of its consent prior to the expiration of the thirty-day period for the removal petition to be timely." *Berrios v. Our Lady of Mercy Medical Center*, No. 99–CIV–21(DLC), 1999 WL 92269, at *3 (S.D.N.Y. Feb. 19, 1999) (citations omitted).

There are sound policy reasons for insisting on strict compliance with this requirement. A "bright line" rule removes any uncertainty regarding the propriety of removal thereby avoiding needless duplication of effort in two different fora. It also eliminates the risk that procedural defects,

later, might be exploited for tactical advantage when a party perceives that the litigation has taken an adverse turn. *See Getty,* 841 F.2d at 1262 n. 11.

In addition, a bright line rule helps to conserve judicial resources by eliminating motions to remand prompted by uncertainty as to whether all defendants have consented to removal as well as numerous evidentiary hearings that, otherwise, would be required to determine whether all defendants really did consent to removal within the 30 day period and/or whether the plaintiff was prejudiced by the delay in communicating that consent.

Moreover, a "bright line" rule is consistent with the Supreme Court's admonition that, because removal statutes are an infringement on the power of the states, they must be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–9, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

### Conclusion

Because Morton did not clearly and unambiguously manifest its consent to removal within the 30–day time period as set forth in § 1446(b), the plaintiff's motion to remand and to strike Morton's joinder are granted.

IT IS SO ORDERED.