Keitha **MURPHY**, Plaintiff,

v.

**NEWELL OPERATING COMPANY,**
**Defendant/Third–Party Plaintiff,**

v.

**Crisa Industrial, LLC and Vitrocrisa**
**S.A.D.E.C.V., Third–Party**
**Defendants,**

**No. CIV.A.02–40065–NMG.**

United States District Court,
D. Massachusetts.

Feb. 10, 2003.

John T. Liebel, Matroni, Dimauro, Springfield, MA, for Keitha Murphy.

Jeanne E. Demers, Kirkpatrick & Lockhart, Boston, MA, for Newell Operating Company.

Roger J. Grossman, Law Office of Richard P. Barry, Braintree, MA, for Crisa Industrial LLC, Vitrocrisa S.A.D.E.C.V.

### ORDER

SWARTWOOD, United States Magistrate Judge.

#### Nature of the Proceeding

On January 27, 2003, this case was referred to me by consent of the parties for all further proceedings in accordance 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. This Order addresses Newell Operating Company's Motion to Remand (Docket No. 4).

#### Nature of the Case

This is a products liability case which was originally commenced in the Massachusetts Superior Court (Worcester Division) and later removed to this Court by a Third–Party Defendant pursuant to 28 U.S.C. §§ 1332, 1441 on the grounds that there is complete diversity of citizenship among all the parties and the amount in controversy exceeds Seventy–Five Thousand Dollars ($75,000).

#### Facts

1. On February 16, 1999, Plaintiff filed this products liability case against Newell Operating Company ("Defendant") in the Massachusetts Superior Court (Worcester Division). *Motion To Remand* (Docket No. 4) (*"Mot. to Rem."*), *Ex. A.*

2. On or about August 21, 2001, Defendant filed a Third–Party Complaint against Crisa Industrial, LLC ("Crisa") and Vitrocrisa S.A.D.E.C.V. ("Vitrocrisa"). *Petition for Removal* (Docket No. 1) (*"Removal Petition"*), *Ex. A, Third–Party Complaint*, at p. 6.

3. Crisa was served, through its registered agent, with a copy of the Third–Party Complaint on September 24, 2001. *Mot. to Rem., Ex. B.* Crisa then filed a

motion to dismiss which was denied by the Superior Court on March 27, 2002. *Id., Ex. C.* On or about April 5, 2002, Crisa filed its answer to Defendant's Third–Party Complaint. *Id., Ex. D.*

4. On March 18, 2002, Defendant's Third–Party Complaint was served upon Vitrocrisa. *Removal Petition,* p. 2 and *Ex. A.*

5. On or about April 8, 2002, Vitrocrisa filed its answer to Defendant's Third–Party Complaint. *Mot. to Rem., Ex. E.*

6. On April 9, 2002, Vitrocrisa filed its Removal Petition.

7. On May 7, 2002, Crisa filed its Assent to Removal (Docket No. 6).

8. There is diversity of citizenship for all parties and the amount in controversy is alleged to exceed Seventy–Five Thousand Dollars ($75,000).

*Discussion*

■ The federal removal statute, 28 U.S.C. § 1446(a) and (b), provides that in order to remove a state court action to federal court, a defendant shall file in the federal district court a notice of removal within thirty days after receipt by the removing defendant of the initial pleading or service of process. The removal statute is strictly construed. *Danca v. Private Health Care Systems, Inc.,* 185 F.3d 1,4 (1st Cir.1999). In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition. *Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21 (D.Mass.1988). This "rule of unanimity" requires that all defendants file their notice of removal or consent to removal within thirty days of being served. *Sansone v. Morton Machine Works, Inc.,* 188 F.Supp.2d 182, 184 (D.R.I.2002). "Failure to do so constitutes a 'defect in the removal procedure' and is grounds for remand." *Id.*

Defendant argues, in its motion to remand, that since Crisa did not file a notice of removal within 30 days of its having been served with process, Vitrocrisa was thereafter barred from removing this case. Alternatively, Defendant argues that even if this Court finds that Crisa's initial failure to file a timely notice of removal did not preclude Vitrocrisa from later seeking to remove this case, Crisa's failure to file its consent to Vitrocrisa's Removal Petition within thirty days of service of process on Vitrocrisa invalidates the removal and requires that this case be remanded to state court. Crisa argues in opposition that, since its counsel changed during the course of the litigation, any failure to timely seek or consent to the removal was an oversight of predecessor counsel which has been cured by it Assent To Removal (Docket No. 6) filed on May 7, 2002.

■ The threshold issue raised in this motion is whether Vitrocrisa, a subsequently served third-party defendant, is foreclosed from removing this case because Crisa, served much earlier in the proceeding, did not itself file a timely notice of removal. The First Circuit Court of Appeals has not addressed this issue and the two judges within this District to have considered the issue, District Judge Tauro and then District Judge Selya, have reached opposite conclusions. *See Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 22 (D.Mass.1988) (Tauro, D.J.) (subsequently served defendant has thirty days to seek removal, even though original defendants are timed-barred from doing so, so long as notice of removal is filed and all defendants consent to removal within thirty days of service of process on last served defendant); *but see Gorman v. Abbott Labs.,* 629 F.Supp. 1196, 1201–02 (D.R.I. 1986) (Selya, D.J.) (failure of original defendant to exercise its right of removal within thirty days of being served foreclos-

ed all possibility of removing case by subsequently served defendants).

Under the circumstances of this case, it is not necessary for me to address whether Crisa's failure to timely seek removal bars Vitrocrisa from doing so. Even if I were to adopt Judge Tauro's position that a subsequently served defendant may seek to remove a case where the original defendant(s) is time-barred from doing so, Crisa's failure to file its assent to removal within thirty days of Vitrocrisa's having been served renders such assent ineffective. Since Crisa did not timely consent to removal, the rule of unanimity has been violated and Vitrocrisa's Removal Petition is invalid. Accordingly, Defendant's Motion to Remand the case to the Massachusetts Superior Court is allowed.

### Conclusion

Newell Operating Company's Motion To Remand (Docket No. 4) is *allowed* and the clerk shall remand the case to Massachusetts Superior Court (Worcester Division).