## PINNACLE SERVICE SOLUTIONS GROUP, INC., Plaintiff,

v.

## AXA EQUITABLE LIFE INSURANCE COMPANY, Daniel G. Lowry, Defendants.

Civil Action No. 11–11610–RBC.[1]

United States District Court, D. Massachusetts.

Dec. 22, 2011.

---

1. On October 18, 2011, with the parties' consent, this case was assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

Jonathan M. Feigenbaum, Boston, MA, for Plaintiff.

Brian H. Lamkin, Manchel & Brennan, P.C., Newton, MA, Edwin F. Landers, Jr., H. Luke Mitcheson, Morrison Mahoney LLP, Boston, MA, Steven L. Manchel, Manchel & Brennan, LLP, Needham, MA, for Defendant.

## *MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND TO ESSEX SUPERIOR COURT (# 10)*

ROBERT B. COLLINGS, United States Magistrate Judge.

### *I. Introduction*

On August 18, 2011, Pinnacle Service Solutions Group, Inc. ("PSSG") filed a complaint against AXA Equitable Life Insurance Company ("AXA") and Daniel G. Lowry ("Lowry") in the Essex Superior Court of the Commonwealth of Massachusetts asserting various claims arising from the refusal to pay on a life insurance claim. (# 5) AXA removed the case to this Court on September 14, 2011 (# 1) and filed an answer on October 5, 2011. (# 9) On the same day, October 5, Lowry filed an assented to motion for extension of time to respond to the complaint. (# 7)

On October 13, 2011, PSSG filed a motion to remand to Essex Superior Court, and a memorandum in support of that motion. (## 10, 11) On October 27, 2011, AXA and Lowry both filed oppositions to PSSG's motion to remand. (## 18–19) Lowry also filed a motion to dismiss and a memorandum in support of that motion on October 17, 2011. (## 12–13)

### *II. Factual Background*

.PSSG filed its complaint in state court on August 18, 2011. (# 5 at 1; # 18 at 1) The summons and complaint were served on AXA on August 23, 2011. (# 1 at 1; # 4 ¶ 1; # 11 at 2) The summons and complaint were received by Lowry's counsel on August 26, 2011. (# 7 ¶ 2; # 10 at 1; # 11 at 1) Lowry's attorney signed the summons and returned it to PSSG's counsel on September 12, 2011. (# 7 ¶ 2)

AXA's notice of removal was filed on September 14, 2011, 22 days after AXA was served and 19 days after Lowry's counsel received the summons and complaint.[2] (# 1) The notice of removal is not signed by Lowry and contains no indication of Lowry's consent to removal. (# 1)

On October 5, 2011, 40 days after Lowry's counsel received the summons and complaint,[3] counsel appeared on his behalf in this Court and submitted a motion for extension of time to respond to PSSG's complaint. (## 6–8) Lowry's motion to dismiss was filed October 17, 2011, 52 days after his counsel received the summons and complaint.[4] (# 12)

PSSG moved to remand on October 13, 2011, 29 days after removal. (# 10) On October 27, 2011, 62 days after his counsel received the summons and complaint,[5] Lowry explicitly consented to removal in his opposition to PSSG's motion to remand. (# 19)

### III. Legal Standard

Title 28, U.S.C. § 1441(a) allows a civil defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." *See also Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 75 (1 Cir., 2009) ("[A] defendant in a state court action may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court." (*citing* 28 U.S.C. § 1441)). The procedure for removal is dictated by 28 U.S.C. § 1446, which requires the defendant or defendants to file a notice of removal with the district court

within 30 days of receiving the complaint. *See also Esposito,* 590 F.3d at 76. After a notice of removal has been filed, the parties have 30 days in which to file a motion for remand for any reason other than lack of subject matter jurisdiction.[6] 28 U.S.C. § 1447(c).

 In general, courts will only allow removal with the consent of all defendants in the controversy. *Chicago, Rock Island & Pac. Ry. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Esposito,* 590 F.3d at 75. Courts are not entirely in agreement on how later-served co-defendants can manifest consent, but at a minimum, oral consent before the court is required. *See Esposito,* 590 F.3d at 76 (collecting cases where oral consent before the court was sufficient to meet the unanimity requirement); *Sansone v. Morton Machine Works, Inc.,* 188 F.Supp.2d 182, 184–85 (D.R.I., 2002) (collecting cases where oral consent before the court was sufficient to meet the unanimity requirement). Removal petitions to which all defendants have not consented within 30 days of being served and receiving the complaint are defective and subject to remand. *Chicago, Rock Island & Pac. Ry. Co.,* 178 U.S. at 248, 20 S.Ct. 854; *Esposito,* 590 F.3d at 75; *see also St. John v. CBE Group, Inc.,* 2011 WL 613741, at *2–5 (D.Mass. Feb. 11, 2011) (holding that consent by defendants only after expiration of removal period created "a clear defect in the removal procedure [that] justifies remand"); *Frankston v. Denniston,* 376 F.Supp.2d 35, 38–41 (D.Mass., 2005) (find-

---

**2.** 2 days after Lowry's counsel signed and returned the summons.

**3.** 23 days after Lowry's counsel signed and returned the summons.

**4.** 35 days after Lowry's counsel signed and returned the summons.

**5.** 45 days after Lowry's counsel signed and returned the summons.

**6.** The case can be remanded at any time the court finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

ing a removal defective where the removing defendant stated that his co-defendant did not object, but the co-defendant did not affirmatively consent until after the removal period); *Sansone,* 188 F.Supp.2d at 185–86 (holding that where one defendant represented consent on behalf of a co-defendant, and the co-defendant consented directly to the court only after the removal period was over, the removal was defective and remand was appropriate); *Montana v. Abbot Laboratories,* 266 F.Supp.2d 250, 263 (D.Mass., 2003) (holding that the unanimity requirement applies even when removal is authorized by 28 U.S.C. § 1441(c)); *Murphy v. Newell Operating Co.,* 245 F.Supp.2d 316, 317–19 (D.Mass., 2003) (ordering remand to state court where one defendant did not consent to the other's removal).

 The so called "unanimity requirement" protects plaintiffs, defendants, and the courts. *Esposito,* 590 F.3d at 75. It protects plaintiffs by keeping defendants from splitting the litigation into two duplicative cases in separate fora; it protects defendants by preventing one defendant from imposing his forum choice on another; and it protects judicial efficiency and integrity by avoiding redundant, possibly inconsistent, judgments. *Id.* Toward that end, courts must strictly construe removal statutes to avoid overreaching into the " 'rightful independence of state govern-

ments.' " *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (quoting *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934)); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 357, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (Rehnquist, J., dissenting).

### IV. Discussion

 The only question presented here is whether Lowry consented to removal within the removal period.[7] The 30 day time limit for removal "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros.,* 526 U.S. at 348, 119 S.Ct. 1322. Mass. R. Civ. P. 5(b) allows service to "be made by delivering a copy to [the party's attorney] or by mailing it to him at his last known address. . . ." Therefore, as long as Lowry's counsel then represented him, service of the summons and complaint was complete and the removal period began no later than August 26, 2011, when "counsel for Lowry received a copy of the Summons, Complaint, and Tracking Order."[8] (# 7 ¶ 2)

---

**7.** On the current record, there is no reason to doubt, nor do the parties contest, that this Court has subject matter jurisdiction to hear this case. Defendants assert, and plaintiff does not at this point dispute, that the controversy is between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000" as required to grant federal court jurisdiction under 28 U.S.C. § 1332(a)(1). (# 1)

**8.** Courts in this circuit have not agreed on which service starts the clock on the removal period. *See Dichiara v. RDM Technologies,* 2009 WL 1351640, at *2–3 (D.Mass., Jan. 13,

2009) (noting disagreement as to whether a "first-served" or "last-served" rule applies, and holding that each defendant has a separate 30 day window beginning when the defendant is individually served); *compare BCCTC Associates, Inc. v. Summerdale/AAHFI, L.P.,* 656 F.Supp.2d 208, 212–15 (D.Mass., 2009) (applying the last-served defendant rule), *and Abdullah v. American Products Co., Inc.,* 661 F.Supp.2d 84, 86 (D.Mass., 2009) (applying the "fairness approach," which starts the removal period when the removing party was served, and allows earlier served defendants to join within that period), *with Webster v. Saxon Mortgage Servs. Inc.,* 769

■ If Lowry did not consent to the removal petition within the 30 day removal period, the removal that AXA filed was defective and subject to remand. *Chicago, Rock Island & Pac. Ry. Co.*, 178 U.S. at 248, 20 S.Ct. 854; *Esposito*, 590 F.3d at 75. Although the ways the unanimity requirement may be met are unsettled, courts require, at the very least, some representation to the court to constitute consent. *See Esposito*, 590 F.3d at 76 (reviewing diverse holdings as to how defendants establish consent to removal); *Sansone*, 188 F.Supp.2d at 184–85 (reviewing diverse holdings as to how defendants establish consent to removal). Here, Lowry did not appear or file documents of any kind in federal court until 10 days after the removal period ended. (## 6–8) Courts in this circuit have consistently granted remand where, as here, unanimous consent was established only after the 30 day removal period. *See Abdullah*, 661 F.Supp.2d at 86; *Dichiara*, 2009 WL 1351640, at \*4–5; *Sansone*, 188 F.Supp.2d at 186; *Montana*, 266 F.Supp.2d at 263; *Frankston*, 376 F.Supp.2d at 41; *St. John*, 2011 WL 613741, at \*2–4. Therefore, even under the most lax requirements for consent, the removal was defective.

■ Even assuming *arguendo* that the removal period for Lowry did not begin until September 12, 2011, the day Lowry's attorney signed and returned the summons, he still did not consent within the removal period. AXA relies on the First Circuit's holding in *Esposito* to support its contention that Lowry's motion for exten-

sion of time constituted consent. In *Esposito*, one defendant did not expressly consent to removal by another defendant, but filed its answer in federal court within the removal period. *Esposito*, 590 F.3d at 74. The First Circuit upheld the district court's denial of the motion to remand on the basis that the defendant's answer constituted consent within the removal period. *Id.* at 77. It went on to note that, even if the answer was not sufficient to manifest consent, the defendant's opposition to plaintiff's motion to remand cured the defect prior to entry of judgment, so remand to state court was not required on appeal. *Id.*

This case bears none of the markings upon which the First Circuit based its decision in *Esposito*. Here, the only thing Lowry filed in this Court within 30 days of September 12, 2011 was a motion for extension of time to answer.[9] (# 7) Unlike the answer filed in Esposito, which evidences a certain amount of consideration given to litigation strategy, a motion for extension of time does not even suggest that Lowry considered whether to consent to removal, much less that he intended to communicate such a decision. In fact, at oral argument counsel for the defendants was not able to point to any federal case in which a motion to extend time to answer, filed within the 30-day period, was sufficient to establish a defendant's consent to the removal.

Furthermore, this is not a case like *Esposito* "where the parties have already invested valuable resources in pursuing . . .

---

F.Supp.2d 1, 2–3 (D.Mass., 2010) (applying the first-served defendant rule). The question is not determinative in this case, but for the sake of clarity the Court will assume here that Lowry had 30 days to consent from the time he, the last-served defendant, was served, whether service is considered to have been completed on August 26, 2011 or September 12, 2011.

**9.** Lowry subsequently filed both a motion to dismiss and an opposition to plaintiff's motion to remand, which included express consent to removal, but Lowry does not contend that either of these were filed within the removal period.

litigation in federal court and where a remand to state court would not serve the purposes of the unanimity requirement." *Esposito*, 590 F.3d at 77. Unlike *Esposito*, where the First Circuit reviewed the case after summary judgment, here almost no investment has been made in the federal litigation, except by the removing party itself, and there is no risk of inconsistent state and federal judgments.

Because the removal was plainly defective, even under the most generous reading of the record, plaintiff's motion to remand must be granted.

### V. Order

For all the reasons stated, it is ORDERED that Plaintiff's Motion to Remand to Essex Superior Court (# 10) be, and the same hereby is, GRANTED. Having reached this conclusion, it is FURTHER ORDERED that Defendant Lowry's Motion to Dismiss (# 12) be, and the same hereby is, RESERVED for decision by the Justice of the Superior Court to whom this matter is assigned after remand.[10]

---

10. The Courtroom Deputy Clerk assigned to this session, Noreen Russo, Esquire, shall take whatever action is necessary to effectuate the remand to the Essex Superior Court.